UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL NARTER-OLAGA,

    Plaintiff,

v.

WAL-MART STORES EAST,
LP, d/b/a Walmart,

    Defendant.
_____/

Case No. 24-13409
Hon. Jonathan J.C. Grey
Mag. Judge Elizabeth A. Stafford

## ORDER DENYING MOTION TO REMAND (ECF No. 6)

### I. INTRODUCTION

This matter is before the Court on Plaintiff Michael Narter-Olaga's motion to remand this case to state court. (ECF No. 6.) For the reasons that follow, the Court **DENIES** the motion.

### II. BACKGROUND

On November 18, 2024, Narter-Olaga filed a complaint against Defendant Wal-Mart Stores East, LP ("Walmart") in Oakland County Circuit Court. (ECF No. 1-2, PageID.11.) Narter-Olaga alleges that Walmart engaged in malicious prosecution, abuse of process, false imprisonment, and intentional infliction of emotional distress when it

accused him of not scanning items at self-checkout, detained him, and had him charged with second degree retail fraud. (ECF No. 1-2, PageID.12–15.) On December 19, 2024, Walmart removed the case to this Court on diversity jurisdiction grounds, pursuant to 28 U.S.C. § 1441(a). (ECF No. 1, PageID.1–5.) Narter-Olaga now moves to remand this case back to state court, arguing that this Court requires both federal question and diversity jurisdiction. (ECF No. 6, PageID.54–56.) The parties have fully briefed the motion. (ECF Nos. 6, 10.)

### III. LEGAL STANDARD

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). *See also* 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over cases arising under federal law and cases where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332. A case need not present both a federal question and diversity of citizenship for the court to possess subject-matter jurisdiction. *Peralta v. Hisp. Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005) (emphasis added) ("In civil cases,

2

subject matter jurisdiction is generally conferred upon federal district courts *either* through diversity jurisdiction . . . *or* federal question jurisdiction . . . ."); *Smulley v. Safeco Ins. Co.*, No. 21-2124-cv, 2022 WL 16753118, at *1 (2d Cir. Nov. 8, 2022) (emphasis added) (citations omitted) ("Subject matter jurisdiction requires *either* diversity jurisdiction *or* federal question jurisdiction."); *Kitzmann v. Local 619-M Graphic Commc'ns Conf. of the Int'l Bhd. of Teamsters*, 415 F. App'x 714, 716 (6th Cir. 2011) (internal quotation marks omitted) (quoting *Caterpillar Inc.*, 482 U.S. at 392) ("Absent diversity of citizenship, federal-question jurisdiction is required.").

For diversity of citizenship purposes, a corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A limited partnership is a citizen of every state where its general and limited partners reside. *V&M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (quoting *Hooper v. Wolfe*, 396 F.3d 744, 748 (6th Cir. 2005)). Similarly, a limited liability company ("LLC") has the citizenship of each partner or member of the company. *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009).

3

## IV. ANALYSIS

Narter-Olaga argues that remand is appropriate because this Court lacks federal question jurisdiction, irrespective of whether there is diversity jurisdiction. (ECF No. 6, PageID.54–56.) Narter-Olaga misstates the legal standard as follows:

> A case is removable to the Federal Court ONLY (emphasis mine) if the federal court would have had subject matter jurisdiction in the first place, that is, if (1) the case arises under the US Constitution or a Federal Statute; AND (emphasis added) (2) Diversity jurisdiction, where the plaintiff(s) and defendant(s) are from different states, AND (emphasis added) the amount in controversy is at least $75,000.

(*Id.* at PageID.54.) (emphasis in original). As the above cited cases indicate, Narter-Olaga is plainly wrong. Further, Narter-Olaga cites no support for the argument that both federal question jurisdiction and diversity jurisdiction are required before the Court can hear a case.

Narter-Olaga does not dispute Walmart's claim that diversity jurisdiction exists here, and for good reason. Narter-Olaga is a citizen of Michigan. (ECF No. 1-2, PageID.17.) Walmart is a limited partnership with two partners, WSE Management, LLC and WSE Investment, LLC. (ECF No. 1, PageID.3–4.) WSE Management, LLC and WSE Investment, LLC each have one member, Wal-Mart Stores East, LLC.

4

(ECF No. 1, PageID.4.) Wal-Mart Stores East, LLC has one member, Walmart Stores, Inc. (*Id.*) Walmart Stores, Inc. is incorporated in Delaware and has its principal place of business in Arkansas. (*Id.*) Therefore, Walmart is a citizen of Delaware and Arkansas, which satisfies the diversity of citizenship requirement. As for the amount in controversy, Narter-Olaga complaint seeks five million dollars in damages for all counts. (ECF No. 1-2. PageID.16.) Narter-Olaga also refused to stipulate to a damages cap of $75,000. (ECF No. 1-6, PageID.28–29.) The amount in controversy requirement is satisfied on this record.

## V. CONCLUSION

Accordingly, the Court **ORDERS** that Narter-Olaga's motion for remand is **DENIED**.

**SO ORDERED.**

Date: August 1, 2025

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 1, 2025.

s/**William Barkholz**
sitting in for Sandra Osorio
Case Manager